# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GARY LEET,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| v. ) | **06-40096-FDS** |
| ) | |
| **CELLCO PARTNERSHIP, d/b/a** ) | |
| **VERIZON WIRELESS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S
## MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

**SAYLOR, J.**

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and various state law theories. Plaintiff Gary Leet alleges that defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon"), furnished inaccurate information regarding his account to credit reporting agencies and that he consequently suffered harm when he was unable to obtain financing for a planned real estate investment. The amended complaint alleged what appeared to be a negligence claim for "wrongfully damag[ing]" plaintiff's credit, as well as claims for breach of contract, violation of the federal and state credit reporting statutes, and violation of Mass. Gen. Laws ch. 93A.

On March 27, 2007, the Court issued a memorandum and order dismissing three counts of the amended complaint for failure to state a claim upon which relief can be granted. Specifically, the Court dismissed plaintiff's claims for negligence (Count 1), violation of the Massachusetts Credit Reporting Act (Mass. Gen. Laws ch. 93, § 54A) (Count 3), and engaging in unfair and

deceptive trade practices in violation of Mass. Gen. Laws. ch. 93A (Count 4) on the grounds that those claims were preempted by the FCRA.

Pending before the Court is plaintiff's Motion for Clarification and/or Reconsideration of the March 27 order, which is directed to the Court's dismissal of a subset of plaintiff's Chapter 93A claim allegations.

In its analysis of plaintiff's Chapter 93A claim from the March 27 order, this Court stated that

> Verizon contends that [plaintiff's Chapter 93A] claim is preempted by the FCRA to the extent plaintiff premises it on (1) the reporting of inaccurate information to credit reporting agencies or (2) the failure to remove such information from his credit report. The Court agrees. Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on Verizon's reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681s-2.
>
> Plaintiff responds that the Chapter 93A claim survives preemption because it alleges the existence of unfair practices independent from the subject matter of § 1681s-2. Specifically, plaintiff alleges (1) that Verizon charged him for services without providing him with a price plan; (2) that Verizon representatives made false assurances to the effect that he could not be held responsible for service charges incurred prior to his receipt of the price plan; and (3) that Verizon allegedly forged his signature on the service agreement.
>
> The Court, however, need not reach that issue. All of the alleged unfair acts took place by October 1998, and plaintiff did not file the present suit until September 2005. Thus, to the extent he relies on these acts to assert a claim under Chapter 93A, the claim is barred by the four-year statute of limitations. *See* Mass. Gen. Laws ch. 260, § 5A. Count 4 of the amended complaint will therefore be dismissed.

Plaintiff now contends that there are other acts and omissions included in his Chapter 93A claim that are not related to the subject matter of the FCRA, that fall within the four-year statute of limitations, and that were not addressed in the March 27 order.

Plaintiff requests that the Court clarify or reconsider its order with respect to these allegations.

I. **Motion for Clarification**

Plaintiff first asks that the Court clarify its March 27 order with respect to the dismissal of plaintiff's Chapter 93A claim. According to plaintiff, the Chapter 93A claims should not be dismissed entirely because the amended complaint includes two allegations concerning defendant's failure to rectify its breach of the parties September 2003 contract[1] and two allegations concerning defendant's failure to respond adequately to plaintiff's Chapter 93A demand letter(s).[2] Plaintiff contends that those allegations do not relate to the subject matter of the FCRA, are not barred by the statute of limitations, and state a claim for violation of Chapter 93A.

Even assuming the truth of those allegations, the amended complaint nonetheless fails to state a claim under Chapter 93A. A mere breach of contract does not constitute an unfair or deceptive trade practice under Chapter 93A. *Comm'l Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33 40 (1st Cir. 2000); *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 100-01 (1979). To reach to the level of a Chapter 93A violation, a breach of contract must "rise[] to the level of 'commercial extortion' or a similar degree of

---

[1] Plaintiff contends that defendant "fail[ed] to clear up [plaintiff's] credit all the way to the end of May, beginning of June, 2005 after receiving the $300 consideration from plaintiff by check on November 13, 2003" and that defendant "continued [to fail] to rectify the breach of contract even after complaints from plaintiff and admission by Mr. Hughes that they had a duty to clear the credit problem." (Pl. Memo at 2-3).

[2] Plaintiff contends that defendant "fail[ed] to adequately respond to the attorney Kelleher [May 2, 2005] 93A demand letter" and that defendant "fail[ed] to respond at all to [Mr. Kelleher's May 25, 2005 follow-up letter to defendant] which enumerated specific areas of response needed, however, for the purpose of this motion, only alleging one: failure to respond to the complaint of [the] breached [September 2003] contract." (Pl. Memo at 2).

culpable conduct." *Comm'l Union Ins. Co.*, 217 F.3d at 40 (citation omitted). Here, despite the fact that it took quite a long time before the "derogatory information" was removed from plaintiff's credit report, defendant was not attempting to extort anything from plaintiff in exchange for requesting removal of the "derogatory information," nor was defendant attempting to manipulate or deceive plaintiff.[3] Defendant's alleged breach of the parties' contract simply does not rise to the level of conduct necessary to support a Chapter 93A violation claim.

Plaintiff's allegations concerning defendant's alleged inadequate responses to his demand letters likewise do not sustain a claim for a Chapter 93A violation. In the event that a defendant receives a Chapter 93A demand letter and fails to respond or make a reasonable offer of settlement, Chapter 93A requires the award of multiple damages if a court finds "a wilful or knowing violation of c. 93A, § 2, or that the refusal to grant relief on demand was made in bad faith with knowledge or reason to know that the practice complained of violated § 2." *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 627 (1978); Mass. Gen. Laws ch. 93A § 9. But a failure to respond to a demand letter is not itself an unfair and deceptive act or practice. *See Thomas v. New England Dev.,* No. 921280D, 1993 WL 818907, at * 2 (Mass. Super. Aug. 3, 1993). Because the Court has concluded that there is no violation of Chapter 93A, defendant's allegedly inadequate response to plaintiff's demand letters is irrelevant. Accordingly, the motion for

---

[3] Defendant's August 6, 2004 letter to plaintiff states that "[i]n December of 2003, [defendant] notified both outside collection resources and credit bureaus of the release of further obligations on [plaintiff's] behalf and requested deletion, as opposed to satisfaction, of any derogatory information relative to [plaintiff's] former account with [defendant]. [Defendant has] again done so in August 2004 . . . ."). (Complaint, Ex. E).

clarification will be denied.

## II.     Motion for Reconsideration

In addition to, or as an alternative to, his request for clarification, plaintiff appears to request that the Court reconsider its March 27 dismissal of his Chapter 93A claim.  To prevail on a motion for reconsideration under Fed. R. Civ. P. 59(e), the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence."  *F.D.I.C. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *see also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004) ( "The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."). Here, plaintiff fails to offer any argument in support for his request for reconsideration apart from his argument in support of his request for clarification.[4]  As plaintiff has failed to identify any manifest error of law or present new evidence in this matter, the Court will deny his motion for reconsideration.

## III.    Conclusion

For the foregoing reasons, defendant's motion for clarification or reconsideration of the Court's March 27, 2007 order is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: October 19, 2007 | United States District Judge |

---

[4] In fact, plaintiff states he is "not contesting the [Court's] legal conclusion that to the extent plaintiff's Chapter 93A claims are based on acts or omissions that are the subject matter of the FCPA, they are preempted. The plaintiff is also not contesting the conclusion that the three acts enumerated in [the Courts March 27, 2007 order] are barred by the statute of limitations."  (Pl. Memo at 1).